UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLAUDIA ASTURIAS-CIFUENTES,

    Petitioner,

v.

NEIL CLARK, et al.,

    Respondents.

CASE NO. C08-1392-RSM

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Claudia Asturias-Cifuentes is a native and citizen of Guatemala who is currently detained at the Northwest Detention Center in Tacoma, Washington pursuant to a final order of removal that was entered on May 10, 1999. On September 16, 2008, petitioner, proceeding through counsel, filed the instant Emergency Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief pursuant to 28 U.S.C. § 2241, seeking "to prevent her unlawful removal." (Dkt. 1). Petitioner claims that her due process rights have been violated and requests that the Court "provide an opportunity for her to have meaningful review of the Respondent's failure to provide her with a meaningful review of her immigration case and to enjoin Respondents from removing Petitioner, finding her ineligible for relief, and/or subject to detention and removal from the United States." (Dkt. 1 at 1).

REPORT AND RECOMMENDATION
PAGE – 1

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition and request for stay of removal (Dkt. 1) be DENIED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Guatemala who entered the United States without inspection in 1998. (Dkt. 1 at 3). On May 10, 1999, petitioner failed to appear for her removal proceedings and was ordered removed to Guatemala *in absentia*. *Id.* The Immigration Judge found that the former Immigration and Naturalization Service[1] ("INS") had presented proof that the Notice to Appear was properly served, and had properly informed petitioner of the time, date and place of her proceedings. *Id.* On June 14, 1999, petitioner, proceeding through counsel, filed a motion to reopen in the Immigration Court, arguing that she was entitled to have her immigration proceedings reopened based on lack of notice. The Immigration Court denied the motion to reopen on July 20, 1999.

Although there is no evidence in the administrative record that any appeal was ever filed, petitioner claims that she filed an appeal with the Board of Immigration Appeals ("BIA") following the denial of her motion to reopen. Petitioner further claims that she did not learn that there was no record of the appeal until the Fall of 2007. *Id.*

On May 29, 2008, petitioner, proceeding through present counsel, filed a Petition for Review of the Board of Immigration Appeals decision in the Fifth Circuit Court of Appeals, along with a motion for stay of removal. *See Sifuentes-Astruias v. Mukasey*, Case No. 08-60483 (5th Cir. filed May 29, 2008). On June 23, 2008, the Fifth Circuit denied petitioner's request for stay of removal. *Id.* Her petition for review remains pending in the Fifth Circuit.

---

[1] On March 1, 2003, the Immigration and Naturalization Service ("INS") was dissolved as an independent agency within the Department of Justice and its functions were transferred to the Department of Homeland Security ("DHS"). Homeland Security Act of 2002, Pub. L. No. 107-296, § 471, 116 Stat. 2135, 2205.

REPORT AND RECOMMENDATION
PAGE – 2

## III. DISCUSSION

The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), amended the judicial review provisions of the Immigration and Nationality Act ("INA") to explicitly provide that judicial review of all deportation, exclusion, or removal orders lies exclusively in the appropriate court of appeals, and that the district courts no longer have jurisdiction to review such orders. This statutory provision provides, in part, that the exclusive means of asserting a challenge to a final order of removal and matters dependent thereon, is to file a Petition for Review with the appropriate court of appeals. *See* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter"); *Iasu v. Smith*, 511 F.3d 881, 888 (9th Cir. 2007) ("After the REAL ID Act . . . the district court plainly lacked habeas jurisdiction."); *see also* 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").

Accordingly, the REAL ID Act makes clear that claims by petitioner in which she challenges the execution of her removal may not be considered in this habeas corpus action. Since this Court lacks jurisdiction to consider petitioner's habeas petition, it is similarly without jurisdiction to issue a stay of removal. The Fifth Circuit is the proper forum for such claims and, thus for any injunctive relief associated with such claims. The fact that petitioner was denied relief by the Fifth Circuit does not alter the fact that under the REAL ID Act, this Court lacks jurisdiction to entertain both petitioner's habeas petition and her request for a stay of removal.

## IV. CONCLUSION

For the foregoing reasons, I recommend that petitioner's petition for writ of habeas corpus be DENIED, petitioner's motion for stay of removal be DENIED, and that this action be DISMISSED with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 17th day of September, 2008.

Mary Alice Theiler
United States Magistrate Judge